**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

CRYSTAL A. COMBS          *

     **Plaintiff,**            *

**v.**                         *       **Case No.: GJH-14-3372**

**BANK OF AMERICA, N.A.,** *et al.*
                                 *
     **Defendants.**          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

In this case, unrepresented Plaintiff Crystal A. Combs alleges that Defendants Bank of America, N.A. ("BANA") and McCabe, Weisberg & Conway, LLC ("McCabe") violated several federal laws in connection with her mortgage on the real property located at 2603 Vicarage Court, Bowie, Maryland 20721. This Memorandum Opinion and accompanying Order address BANA's and McCabe's Motions to Dismiss[1] (ECF Nos. 10 & 14). A hearing on the motions is unnecessary. *See* Local R. 105.6 (Md.). For the reasons stated below, McCabe's Motion to Dismiss is GRANTED and BANA's Motion to Dismiss is GRANTED, in part, and DENIED, in part.

**I.**      **BACKGROUND**

Although Plaintiff's Complaint provides very little in the way of background information, Plaintiff attaches several documents to her Complaint that help provide the context for her claims. On December 18, 2008, Plaintiff and her then-husband, Walter L. Cook, Jr., executed a

---

[1] Plaintiff's Motion for Leave to File Surreply (ECF No. 21) is DENIED. Under Local R. 105.2(a), surreply memoranda are not permitted to be filed unless the Court grants leave for a party to do so. Here, a surreply is unnecessary as Defendant raised no new issues in its Reply to Plaintiff's Opposition. *See* ECF No. 13.

promissory note (the "Note") with Equifirst Corporation in the amount of $549,152 to purchase a residential property located at 2603 Vicarage Court, Bowie, Maryland 20721 (the "Property"). *See* ECF No. 1-2. The Note was secured by a Purchase Money Deed of Trust ("Deed of Trust") against the Property. *See id*.

On March 31, 2010, the law firm of Cohn, Goldberg & Deutsch, LLC ("Cohn") sent Plaintiff a letter explaining that the current holder of the Note was BAC Home Loans Servicing, LP and that the loan had been referred to Cohn for legal action due to default under the terms of the loan agreement. *See* ECF No. 1-19. Plaintiff was given thirty days from receipt of the letter to dispute all or part of the debt. *See id.* In response to correspondence from Plaintiff dated May 15, 2010, Cohn provided Plaintiff with the Note and Deed of Trust corresponding to the Property and stated that she no longer had a right to dispute the debt because her response was untimely. *See* ECF No. 1-20. Plaintiff alleges that, on or about August 2010, BAC Home Loans Servicing, LP entered into a loan modification agreement with her then-husband even though she did not sign the modification agreement. *See* ECF No. 1 at 8. On December 15, 2011, an assignment of the deed of trust was recorded, assigning BANA all beneficial interests under the Deed of Trust attached to the Property. *See* ECF No. 1-18 at 25.

On January 5, 2012, the Circuit Court for Prince George's County, Maryland granted Plaintiff and her husband a judgment of absolute divorce. *See* ECF No. 1-9. According to the judgment, Plaintiff's husband was ordered to pay the mortgage, taxes, insurance, and utilities on the Property during his occupation of it. *See id.* He failed to do so and Plaintiff began occupying the Property in November 2012. *See* ECF No. 1-10. On October 26, 2012, Plaintiff sent a letter to Bank of America Home Loans requesting a mortgage modification. *See* ECF No. 1-29.

On April 23, 2013, Plaintiff filed a petition under Chapter 13 of the United States

Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland. *See* ECF

No. 1-17 at ¶ 1. On April 29, 2014, Michael Cantrell, an attorney at McCabe, filed a motion for

relief from the automatic stay on BANA's behalf. *See id.*

On May 1, 2014, Plaintiff sent a letter to BANA, demanding, among other things,

documentation concerning all transfers of ownership and a full loan accounting. *See* ECF No. 1-

27. On July 12, 2014, Plaintiff sent another correspondence to BANA and BANA responded

through counsel on September 22, 2014, providing Plaintiff with payment history and indicating

that the loan modifications were denied for failure to provide proper financial documents. *See*

ECF No. 1-45.

Plaintiff filed the current lawsuit on October 28, 2014 and both Defendants have moved

to dismiss. *See* ECF Nos. 10 & 14.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to present a motion to

dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To

survive a motion to dismiss invoking 12(b)(6), "a complaint must contain sufficient factual

matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* at 678–79; *Twombly*, 550 U.S. at 545 ("a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Pleadings submitted by self-represented litigants are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP,* 997 F.Supp. 2d 310, 314 (D. Md. Feb. 20, 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.,* No. DKC 10–3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim.") (citation omitted), *aff'd,* 526 F. Appx. 255 (4th Cir. 2013).

## III.   DISCUSSION

### A.  Equal Credit Opportunity Act ("ECOA") and Maryland Equal Credit Opportunity Act ("MEOCA") allegations against BANA

The ECOA prohibits creditors from discriminating "with respect to any credit transaction on the basis of race, color, religion, national origin, sex or marital status, or age." *Piotrowski v.*

*Wells Fargo Bank, N.A.*, No. DKC-11-3758, 2013 WL 247549 at *6 (D. Md. Jan. 22, 2013);

(quoting *Capitol Indem. Corp. v. Aulakh*, 313 F.3d 200, 202 (4th Cir. 2002) (quoting 15 U.S.C. §

1691(a)(1))) (internal quotation marks omitted). The MECOA is modeled after the federal

ECOA. *See Patton v. Wells Fargo Fin. Md., Inc.*, 85 A.3d 167, 176 (Md. 2014). "The credit

applicant may prove discrimination in violation of the ECOA by relying on any one of three

different approaches used in the employment discrimination context: (1) direct evidence of

discrimination; (2) disparate impact analysis; and (3) disparate treatment analysis." *Faulkner v.

Glickman*, 172 F.Supp. 2d 732, 737 (D. Md. 2001) (citation omitted). If the approach is disparate

treatment, "the *McDonnell Douglas* formulation [, typically employed in Title VII discrimination

cases,] requires that the plaintiff make out a *prima facie* case of discrimination by offering

evidence indicating: (1) that the plaintiff belongs to a class protected by the statute; (2) that [s]he

applied for credit for which [s]he was qualified; and (3) that [s]he was rejected despite h[er]

qualifications." *See id.* (citation omitted); *see also McDonnell Douglas Corp. v. Green*, 411 U.S.

792 (1973). Once the plaintiff has made out a *prima facie* case, the defendant must articulate

legitimate, nondiscriminatory reasons for rejecting plaintiff despite her qualifications. *See

McDonnell Douglas Corp.,* 411 U.S. at 804. If the defendant is able to articulate legitimate,

nondiscriminatory reasons for the action taken, the burden then shifts back to the plaintiff to

prove that the explanation offered was in fact a pretext for discrimination. *See id.*

Here, Plaintiff fails to allege a *prima facie* case of discrimination. Although she alleges

that she is a member of a protected class, she fails to adequately allege that she met the

qualifications for loan modification and was denied despite her qualifications. In fact, Plaintiff

does not indicate what qualifications were at issue. Instead, Plaintiff has attached a September

22, 2014 letter from BANA's then-counsel, indicating that loan modification was denied because

Plaintiff did not provide the financial documents necessary for the review. *See* ECF No. 1-45. Thus, Plaintiff has failed to allege facts that would support a viable claim under the ECOA or the MECOA and these claims must be dismissed.

**B.   Real Estate Settlement Procedures Act ("RESPA") allegation against BANA**

RESPA requires a loan servicer to respond to a borrower's "qualified written request" ("QWR"). *See* 12 U.S.C. § 2605(e)(1)(B)(2). A QWR is a written correspondence that "includes, or otherwise enables the servicer to identify, the name and account of the borrower" and includes either a statement of reasons for the borrower's belief that the account is in error or provides sufficient detail for the servicer to know what information the borrower seeks. *See* 12 U.S.C. § 2605(e)(1)(B).

Here, Plaintiff alleges that she sent a QWR to BANA on May 1, 2014. *See* ECF Nos. 1 at 15 & 1-27. Plaintiff alleges that BANA's response was late and inadequate. *See* ECF No. 1 at 15. However, the correspondence sent by Plaintiff does not qualify as a QWR because it does not relate to the servicing of the loan. *See Minson v. CitiMortgage, Inc.*, DKC-12-2233, 2013 WL 2383658 at **4–5 (D. Md. May 29, 2013) (finding that "courts have drawn a distinction between communications related to the servicing of the loan, which are covered under RESPA, and those challenging the validity of a loan, which are not"). To relate to the servicing of the loan, the request must complain of irregularities or errors with the borrower's account. *See id.* (citations omitted). Here, although Plaintiff's correspondence is partly labeled a QWR, it requests account documents and information related to ownership of the loan and does not point to any errors with the account. *See* ECF No. 1-27. Regardless, even if the request were assumed to be a QWR, Plaintiff still would fail to state a claim because she fails to allege any damages related to the late response. *See* 12 U.S.C. § 2605(f)(1); *see also Minson*, 2013 WL 2383658 at *5; *Ward v. Sec.*

*Atlantic Mortg. Electr. Registration Sys., Inc.,* 858 F.Supp.2d 561, 575 (E.D.N.C. 2012). Thus, Plaintiff has failed to state a plausible claim under RESPA, and this claim must be dismissed.

### C.  Truth in Lending Act ("TILA") allegation against BANA

One of TILA's requirements is that "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of his obligation or the master servicer of the obligation." 15 U.S.C. § 1641(f)(2). TILA creates a private cause of action for actual and statutory damages for this violation. *See* 15 U.S.C. § 1640(a).

Plaintiff alleges that BANA failed to respond to her May 1, 2014 request that BANA provide her the names of each entity that has owned the promissory note. *See* ECF No. 1 at 19 & ECF No. 1-27 at 2. BANA contends that 15 U.S.C. § 1641(f)(2) only applies when the servicer and owner of a loan are different entities. *See* ECF No. 13 at 4. That is not the case. *See Kievman v. Fed. Nat'l Mortg. Ass'n*, 901 F.Supp. 2d 1348, 1352–53 (S.D. Fla. 2012) ("In the case of an owner-servicer, then, failure to comply with subsection (f) does subject it to liability.") (citations omitted); *see also* 15 U.S.C. § 1641(f)(3) & 12 U.S.C. § 2605(i)(1) (defining servicer to include holder of loan if such a person also services the loan). Accepting Plaintiff's allegations as true, Plaintiff has stated a claim against BANA for violation of 15 U.S.C. § 1641(f)(2). *See Cezair v. JPMorgan Chase Bank, N.A.*, DKC-13-2928, 2014 WL 4295048 at *6 (D. Md. Aug. 29, 2014) (finding plaintiff had stated a TILA claim where servicer did not provide address or phone number of obligation owner).[2]

---

[2] To the extent that BANA complains that "Plaintiff fails to attach BANA's response to the May 1, 2014 letter" as an exhibit to the Complaint, *see* ECF No. 10-1 at 5, and thus implies that the response did adequately respond to Plaintiff's letter, the appropriate course would be for BANA to file a Motion for Summary Judgment attaching the response as an exhibit.

### D.  Fair Debt Collection Practices Act ("FDCPA") allegations against both BANA & McCabe

The FDCPA protects consumers from the abusive and deceptive practices employed by unscrupulous debt collectors. *See United States v. Nat'l Fin. Servs. Inc.,* 98 F.3d 131, 135 (4th Cir. 1996). To state a claim for relief under the FDCPA, Plaintiff must allege that "(1) [she] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759–60 (D. Md. 2012) (citations and internal quotation marks and brackets omitted). Relevant to this case, the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," including collecting any amount that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

BANA contends that it is not a debt collector. *See* ECF No. 10-1 at 8. A "debt collector" is "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Here, Plaintiff alleges that BANA is a debt collector because the loan was in default when it was assigned to BANA. *See* ECF No. 1 at 24. A mortgage servicer may be a "debt collector" under the act where it acquires a mortgage in default "solely for the purpose of facilitating collection of such debt . . . " 15 U.S.C. § 1692a(4). However, in the circumstances of this case, BANA is a "creditor" under the FDCPA "because it 'stepped into the shoes' of [the previous creditor] when it began servicing [Plaintiff's] mortgage . . ." *Allen v. Bank of America, N.A.*, 933 F.Supp. 2d 716, 729 (D. Md. 2013) (citing *Padgett v. OneWest Bank, FSB,* 2010 WL 1539839, at *15 (N.D.W.Va. April 19, 2010)). Indeed, Plaintiff's attempt to discuss loan

modification with BANA, *see* ECF No. 1-29, demonstrates that BANA is a creditor and "did not acquire the mortgage primarily to collect any amount that may have been in default." *See Allen*, 933 F.Supp. 2d at 729 (citation omitted). Thus, Plaintiff has failed to state a claim against BANA under the FDCPA.

McCabe also moves to dismiss Plaintiff's FDCPA count. McCabe asserts that Plaintiff has failed to allege that it engaged in any debt collection activity. *See* ECF No. 14 at 13. Plaintiff alleges that McCabe represented BANA in Plaintiff's bankruptcy case where it filed a proof of claim and motion for relief from the bankruptcy stay. *See* ECF No. 1 at 20–21. Courts in this district have found that filing a proof of claim in a bankruptcy case does not constitute an act to collect a debt. *See generally Covert v. LVNV Funding, LLC*, 2013 WL 6490318 at *6–8 (D. Md. Dec. 9, 2013) (collecting cases). Plaintiff has thus failed to allege that McCabe engaged in any debt collection activity covered by the FDCPA.

### E.  Unjust Enrichment against BANA

To state a claim for unjust enrichment, a plaintiff must allege that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew and appreciated the benefit; and (3) under the circumstances, the defendant's acceptance or retention of the benefit would be inequitable without paying of value in return. *Mona v. Mona Elec. Group, Inc.,* 934 A.2d 450, 473 (Md. Ct. Spec. App. 2007). "Where a contract exists between the parties covering the same subject matter as the unjust enrichment claim, however, a plaintiff's claim for unjust enrichment *must* include an allegation of fraud or bad faith in the formation of the contract." *Jones v. Pohanka Auto North, Inc.*, 43 F.Supp. 3d 554, 573 (D. Md. 2014) (citing *Kwang Dong Pharm. Co. v. Han*, 205 F.Supp.2d 489, 497 (D. Md. 2002); *Cnty. Com'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.,* 747 A.2d 600, 608–09 (Md. 2000) ("Generally, courts are hesitant to

deviate from the principle of the rule and allow unjust enrichment claims only when there is evidence of fraud or bad faith, there has been a breach of contract or a mutual rescission of the contract, when rescission is warranted, or when the express contract does not fully address a subject matter.")) (emphasis in original). Here, Plaintiff cites to the Deed of Trust to show that BANA charged inappropriate fees and failed to credit Plaintiff's account with her payments, and neither party contends that the Deed of Trust is not a valid contract. *See* ECF No. 1 at 32–39. Thus, the Deed of Trust covers the same subject matter as the unjust enrichment claim, and Plaintiff has failed to allege that there was fraud or bad faith in the formation of the contract. This claim will be dismissed.

### F. Maryland Consumer Protection Act (Unfair and Deceptive Trade Practice Act) allegations against both BANA & McCabe

Under Maryland law, it is unlawful for a person to use unfair or deceptive trade practices by means of false or misleading statements in the extension of credit or the collection of consumer debts. Md. Code, Com. Law §§ 13–301 & 13–303. Because a claim for unfair or deceptive trade practices under the MCPA sounds in fraud, it is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *See Haley v. Corcoran,* 659 F.Supp.2d 714, 724 n. 10 (D. Md. 2009). Rule 9(b) requires a plaintiff to plead "with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). These "circumstances" include "the time, place, and contents of ... false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999) (citation and internal quotation marks omitted). In addition, to assert a claim for false or misleading statements under the MCPA, Plaintiff must allege that the defendant's statement caused her an actual loss or injury. *See Citaramanis v. Hallowell,* 613 A.2d 964, 967–71 (Md. 1992) (holding that the MCPA explicitly

requires proof of actual damages). To state a claim under the MCPA, "the consumer must have suffered an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance on the sellers' misrepresentation." *See Lloyd v. General Motors Corp.,* 916 A.2d 257, 277 (Md. 2007) (citations omitted).

Here, Plaintiff makes several allegations that BANA engaged in acts that do not amount to false or misleading statements and therefore are not covered under the MCPA. Plaintiff also alleges that BANA misapplied or failed to apply her payments to her account. *See* ECF No. 1 at 43. However, Plaintiff fails to allege that she relied on BANA's representations. She further fails to identify any loss or injury suffered. *Cf. Marchese v. JPMorgan Chase Bank, N.A.*, 917 F.Supp. 2d 452, 465 (D. Md. 2013). Indeed, Plaintiff alleges that she knows BANA misapplied her payments. *See* ECF No. 1 at 43. While Plaintiff may have some claim against BANA for misapplication of her payments, it does not arise from the MCPA.

Additionally, Plaintiff fails to state a claim against McCabe under the MCPA because lawyers, acting in their professional capacity, are exempt from the MCPA. *See Stewart*, 859 F.Supp. 2d at 768 ("Section 13–104 exempts various professional services from the MCPA, including lawyers.") (citing Md.Code Ann. Com. Law § 13–104(1)); *Robinson v. Fountainhead Title Group Corp.,* 447 F.Supp. 2d 478, 490 (D. Md. 2006)).

## IV.    CONCLUSION

For the reasons stated above, McCabe's Motion to Dismiss is GRANTED and BANA's Motion to Dismiss is GRANTED, in part, and DENIED, in part.

A separate Order follows.

Dated: <u>August 20, 2015</u>                    <u>        /S/            </u>
                                                      GEORGE J. HAZEL
                                                      United States District Judge