FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

CLERK'S OFFICE
AT GREENBELT

BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

2016 SEP 16  P 2: 26

CRYSTAL A. COMBS,                    *

    Plaintiff,                          *

v.                                   *          Case No.: GJH-14-3372

BANK OF AMERICA, N.A., *et al*,      *

    Defendants.                        *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

In this case, unrepresented Plaintiff Crystal A. Combs alleges that Defendant Bank of America, N.A. ("BANA") violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, in connection with her mortgage on the real property located at 2603 Vicarage Court, Bowie, Maryland 20721. This Memorandum Opinion and accompanying Order address BANA's Motion for Summary Judgment, ECF No. 42, and Plaintiff's Motion to Compel Discovery, ECF No. 40. Additionally, in her "Reply to Bank of America's Motion for Summary Judgment," ECF No. 44, Plaintiff appears to ask the Court to reconsider its previous order dismissing her Fair Debt Collections Practices Act ("FDCPA") claim and that request will be addressed herein as well. A hearing on the motions is unnecessary. *See* Loc. R. 105.6 (D. Md.). For the reasons that follow, BANA's Motion for Summary Judgment is granted. Furthermore, Plaintiff's Motion to Reconsider is granted, though Plaintiff's underlying claim is still denied, and Plaintiff's Motion to Compel Discovery is denied.

1

## I.   BACKGROUND

Having previously addressed in some depth the relevant facts when the Court considered Defendant's earlier Motion to Dismiss, the Court will not repeat that discussion here. *See Combs v. Bank of Am., N.A.*, No. GJH-14-3372, 2015 WL 5008754 (D. Md. Aug. 20, 2015) ("*Combs I*"). Rather, the Court will only summarize those facts necessary to resolve the present motion.

On December 18, 2008, Plaintiff and her then-husband, Walter L. Cook, Jr., executed a promissory note (the "Note") with EquiFirst Corporation in the amount of $549,152 to purchase a residential property located at 2603 Vicarage Court, Bowie, Maryland 20721 (the "Property"). *See* ECF No. 1-2. The Note was secured by a Purchase Money Deed of Trust ("Deed of Trust") against the Property. *See id.*

Plaintiff alleges that, in or about August 2010, BAC Home Loans Servicing, LP entered into a loan modification agreement with her then-husband even though she did not sign the modification agreement.[1] *See* ECF No. 1 at 8; *see also* ECF No. 1-4 at 7.[2] On December 15, 2011, an assignment of the Deed of Trust was recorded, assigning BANA all beneficial interests under the Deed of Trust attached to the Property originally held by EquiFirst. *See* ECF No. 1-18 at 25. On October 26, 2012, Plaintiff sent a letter to Bank of America Home Loans requesting a mortgage modification. *See* ECF No. 1-29.

On May 1, 2014, Plaintiff sent another letter to BANA, requesting, among other things, "the name, address and telephone number of the owner of the obligation or the master servicer of the obligation." *See* ECF No. 1-27. On June 16, 2014, BANA responded to Plaintiff's request, identifying BANA as the owner of her loan as of that date. ECF No. 42-3 at 41-44.

---

[1] BANA is the successor by merger to BAC Home Loans Servicing, LP.  ECF No. 42-3.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system. Regarding this document, the actual loan modification that Plaintiff attaches is signed by Walter Cook on July 6, 2010.

2

Plaintiff filed the current lawsuit on October 28, 2014, disputing, among other things, the adequacy of BANA's response to her May 1, 2014 correspondence. ECF No. 1 at 19. On August 20, 2015, the Court issued an Order granting in part and denying in part Defendant's Motion to Dismiss and leaving Plaintiff's claim, alleging a violation of Section 1641(f)(2) of TILA, against BANA as the only surviving claim.[3] *See Combs I*, 2015 WL 5008754.

During discovery, Plaintiff produced a letter from the U.S. Department of Housing and Urban Development ("HUD") that she had received in response to a Freedom of Information Act ("FOIA") request. ECF No. 40-1 at 2. The HUD FOIA letter stated that her loan "assembled into Ginnie Mae Pool Number 709132 in January 2010 and was subsequently included in the REMIC Trust 2009-011." *Id.* After receiving this information, Defendant BANA said it would conduct a further review of its own records. ECF No. 41 at 7. Upon said review, BANA submitted evidence that Ginnie Mae was the investor of Plaintiff's loan from March 18, 2009 through March 1, 2010, and that BANA became the investor of the loan again on March 1, 2010. ECF No. 42-3 at 6; *see also* ECF No. 42-3 at 107. BANA's loan servicing records also showed that BANA was the owner of the loan on June 16, 2014. *Id.*

Following discovery, Plaintiff filed the presently pending Motion to Compel Discovery, ECF No. 40, and Defendant filed their opposition, ECF No. 41. Subsequently on February 16, 2016, Defendant filed a Motion for Summary Judgment as to the remaining count. ECF No. 42. Plaintiff filed her "Reply" in Opposition on March 4, 2016. ECF No. 44. Included in her response was what the Court will construe as a Motion to Reconsider the Dismissal of Plaintiff's Fair Debt Collections Practices Act ("FDCPA") claim. *Id.*

---

[3] Specifically, the Court granted Defendant McCabe, Weisberg & Conway's Motion to Dismiss as to all Counts. The Court granted Defendant Bank of America's Motion to Dismiss as to Count One (Equal Credit Opportunity Act and Maryland Equal Credit Opportunity Act), Count Two (Real Estate Settlement Procedures Act), Count Four (Fair Debt Collection Practices Act), Count Five (Unjust Enrichment) and Count Six (Maryland Consumer Protection Act). *See Combs I*, 2015 WL 5008754.

3

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the non-moving party's case, the burden shifts to the non-moving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23. A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 324–25). When ruling on a motion

4

for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## III.   DISCUSSION

### A. Defendant's Motion for Summary Judgment

Defendant now moves for summary judgment regarding Plaintiff's remaining claim that BANA violated Section 1641(f)(2) of TILA by failing to properly respond to her May 1, 2014 correspondence. Since the evidence before the Court demonstrates that Defendant accurately responded to Plaintiff's request, Defendant's Motion for Summary Judgment will be granted.

One of TILA's requirements is that "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of his obligation or the master servicer of the obligation." 15 U.S.C. § 1641(f)(2). TILA creates a private cause of action for actual and statutory damages for a violation of this provision. *See* 15 U.S.C. § 1640(a).

In her Complaint, Plaintiff alleges that BANA failed to adequately respond to her May 1, 2014 request that BANA provide her with the name of the owner of her note. *See* ECF No. 1-27 at 2. BANA responded by submitting as evidence a June 16, 2014 letter from BANA's attorney, Blank Rome, LLP, to Plaintiff in response to her May 1, 2014 correspondence. ECF No. 42-3. In the letter, BANA states that "[p]ursuant to 15 U.S.C. § 1641(f)(2) the current owner of the Note is Bank of America, N.A., which has an address of P.O. Box 5170, Simi Valley, CA 93062, Attention: Correspondence Unit, Mail Stop: CA6-919-01-41, and which has a telephone number of (800) - 669 - 6607." *Id.* Furthermore, in response to Defendant's First Set of Requests for Admissions, Plaintiff admitted that BANA responded to her TILA request and that she received

5

the correspondence "a few days after the date of the letter, the exact date is unknown." ECF No. 42-5 at 10-11.

However, Plaintiff maintains that BANA's response was inaccurate, claiming that BANA was not in fact the true owner of the note on June 16, 2014. *See* ECF No. 44 at 2. In her response to Defendant's discovery interrogatories, Plaintiff states that the information in the HUD FOIA letter shows that BANA's "answers were not truthful" since the FOIA request "confirmed that the loan was sold to a Ginnie Mae Securitization known as GMNA 2009-11." ECF No. 42-5 at 12-13. While Plaintiff is correct that the FOIA letter states that Ginnie Mae owned the note as of January 2010, such a statement does not address Ginnie Mae, or anyone else's, ownership four years later on June 16, 2014. Moreover, the FOIA letter specifically referred to the sale of the debt obligation to the Ginnie Mae trust and noted that any documents regarding subsequent sales or transfers out of the Ginnie Mae trust would be forthcoming. ECF No. 40-1 at 2. Therefore, the HUD FOIA letter cannot be offered as evidence to dispute BANA's claim that they re-purchased the loan since the letter itself only purports to offer evidence regarding the sale of the loan to Ginnie Mae.

In contrast, to support its claim that it was the true owner of the loan on June 16, 2014, BANA submits an Affidavit from Ms. Brianna May, a BANA employee familiar with the books and records of BANA, and copies of the Loan Transfer Display Screen and translation. ECF Nos. 42-3 at 2-6 and 42-3 at 107. These records show that Ginnie Mae was the owner of the note from March 18, 2009 – March 1, 2010, and that BANA became the investor again in March 1, 2010. *Id.* While there is a factual dispute as to when Ginnie Mae took ownership of the loan – March 18, 2009, as per BANA's records or January 2010, as per the HUD FOIA letter – such a dispute does not negate the evidence put forward by BANA showing that it did indeed own the note as of

6

June 16, 2014. Moreover, Plaintiff has introduced no evidence to support her allegation that Ginnie Mae rather than BANA continued to own the note as of June 16, 2014.

Finally, Plaintiff also claims that BANA's response was untimely by inviting the Court to incorporate the Real Estate Settlement Procedures Act's ("RESPA") 10-day response requirement into TILA. *See* 12 U.S.C. § 2605(k)(1) ("A servicer of a federally related mortgage shall not...(D) fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan"). As both Defendant and Plaintiff acknowledge, TILA does not, on its face, require a response within a certain time. *See* ECF No. 42-1 at 5; *see also* ECF No. 42-5 at 10. Moreover, Plaintiff fails to allege any damages related to a late response, besides the observation that the correspondence occurred during the time in which BANA was prosecuting a bankruptcy claim against Plaintiff. ECF No. 44 at 6. Thus, the Court will decline to incorporate RESPA's 10-day time frame into TILA.

In sum, Plaintiff and Defendant agree that BANA replied to Plaintiff's May 1, 2014 correspondence. Moreover, BANA states, and provides an affidavit and documentary evidence to show, that its response was accurate. Plaintiff has not provided any evidence to dispute this assertion. Thus, the Court will grant Defendant's Motion for Summary Judgment as to Plaintiff's TILA claim.[4]

### B. Plaintiff's Motion to Reconsider

In Plaintiff's Reply to Defendant's Motion for Summary Judgment, she references this Court's August 20, 2015 dismissal of her FDPCA claim. ECF No. 44 at 13. Plaintiff alleges that

---

[4] Plaintiff also requests sanctions against Defendant for "failure to answer truthfully questions directly related to the ownership issue, and only answering after the HUD FOIA request made it impossible to deny." ECF No. 44 at 14. As Plaintiff has not put forward any evidence that Defendant answered untruthfully, Plaintiff's request for sanctions is denied.

this claim was incorrectly dismissed based on BANA's false assertion that the FDCPA did not

apply to it since it owned the loan continuously and was collecting on its own behalf. *Id.* at 13.

She appears to claim that BANA should be considered a debt collector under the FDCPA since

new evidence shows that BANA sold her loan and then reacquired it. *Id.* While not styled as

such, the Court will construe this argument as a Motion to Reconsider its previous dismissal of

Plaintiff's FDCPA claim. *See Combs I*, 2015 WL 5008754. As explained in more detail below,

the Court will grant Plaintiff's Motion to Reconsider since Plaintiff presents newly discovered

evidence but ultimately again denies Plaintiff's claim for relief under the FDCPA. *See*

*DIRECTV, INC. v. Hart*, 366 F. Supp. 2d 315, 317–18 (E.D.N.C. 2004) (internal citations

omitted) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact

or to present newly discovered evidence. Motions to reconsider are not proper where the motion

merely asks the court to rethink what the Court had already thought through—rightly or

wrongly.")

    The FDCPA protects consumers from the abusive and deceptive practices employed by

unscrupulous debt collectors. *See United States v. Nat'l Fin. Servs. Inc.,* 98 F.3d 131, 135 (4th

Cir. 1996). To state a claim for relief under the FDCPA, Plaintiff must allege that "(1) [she] has

been the object of collection activity arising from consumer debt, (2) the defendant is a debt

collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission

prohibited by the FDCPA." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759–60 (D. Md. 2012)

(citations and internal quotation marks and brackets omitted). Relevant to this case is whether or

not BANA is a debt collector within the meaning of the statute. A "debt collector" is "any person

who uses any instrumentality of interstate commerce . . . in any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly or

8

indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A

mortgage servicer, such as BANA, may be a "debt collector" under the Act where it acquires a

mortgage in default "solely for the purpose of facilitating collection of such debt . . . " 15 U.S.C.

§ 1692a(4).

The "new evidence" that Plaintiff submits regarding the chain of ownership does not

ultimately change this Court's conclusion that BANA is a creditor rather than a debt collector.

As alleged in the Motion to Dismiss, Plaintiff again claims that BANA was a debt collector

because the loan was in default when it was assigned to BANA. *See* ECF No. 44 at 13; *see also*

ECF No. 1 at 24. However, in *Combs I,* this Court held that "BANA [was] a 'creditor' under the

FDCPA because it 'stepped into the shoes' of [the previous creditor] when it began servicing

[Plaintiff's] mortgage . . ." *See Combs I,* 2015 WL 5008754, at \*5 (internal citations omitted).

Factually, the only change in the evidence before the Court is that now Plaintiff is alleging that

BANA "stepped into the shoes" of Ginnie Mae rather than the original lender, EquiFirst

Corporation.

Furthermore, as before, the Court finds Plaintiff's attempt to discuss loan modification

with BANA significant, *see* ECF No. 1-29, as it demonstrates that BANA is a creditor and "did

not acquire the mortgage primarily to collect any amount that may have been in default." *See*

*Allen v. Bank of America, N.A.*, 933 F.Supp. 2d 716, 729 (D. Md. 2013)(internal citations

omitted); *see also Rupli v. Ocwen Loan Servicing, LLC*, No. CV DKC 16-0181, 2016 WL

4141013, at \*7 (D. Md. Aug. 4, 2016) (concluding that loan modification discussions were

evidence of Defendant acting like a creditor rather than debt collector). Thus, although Plaintiff

has successfully caused the Court to give consideration to new evidence, Plaintiff has not

produced sufficient evidence to demonstrate that BANA acquired her loan solely for the purpose

of debt collection. Thus, the Court again finds that Plaintiff has failed to state a claim against

BANA under the FDCPA.[5]

### C. Plaintiff's Motion to Compel Discovery

Finally, the Court will consider Plaintiff's Motion to Compel Discovery. ECF No. 40. As

Defendant correctly points out in their Response in Opposition to Plaintiff's Motion, Plaintiff

failed to adhere to this Court's local rules regarding discovery disputes when she filed the instant

motion without first attempting to confer with Defendant. ECF No. 41 at 3. According to Local

Rule 104(7):

> [c]ounsel shall confer with another concerning a discovery dispute and
> make sincere attempts to resolve the differences between them. The Court will not
> consider any discovery motion unless the moving party has filed a certificate
> reciting (a) the date, time and place of the discovery conference...or (b) counsel's
> attempts to hold such a conference without success....

Loc. R. 104(7) (D. Md.). Defendant further notes that Plaintiff's motion was untimely

since Defendant served Plaintiff with its responses on December 2, 2015 and Plaintiff waited

until January 11, 2016 to file the instant motion. ECF No. 41 at 4. Plaintiff had 30 days from

receipt of Defendant's discovery responses to issue a Motion to Compel, Loc. R. 104(8)(a) (D.

Md.), and thus her time for responding, assuming she had attempted and failed to confer with

---

[5] In reviewing Plaintiff's "Reply to Defendant's Motion for Summary Judgment," Plaintiff also appears to try to amend her Complaint to bring a new claim under Section 1641(g) of TILA. ECF 44 at 11. However, amendment is not appropriate via a party's opposition to a dispositive motion. *See Artis v. U.S. Foodservice, Inc.*, No. CIV.A. ELH-11-3406, 2014 WL 640848, at *19 (D. Md. Feb. 18, 2014) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir.2004))("the liberal pleading standards mandated by the Federal Rules of Civil Procedure do 'not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.'"). Instead, "the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed.R.Civ.P. 15(a)." *Id.* As Plaintiff did not follow the procedures outlined in Fed. R. Civ. P. 15(a), her attempt to amend her Complaint fails.

Defendant to resolve the dispute, would have been on January 4, 2016. Based on the clear failure to comply with this Court's local rules governing discovery disputes, Plaintiff's Motion to Compel is denied. Additionally, the motion is moot as a result of the Court's dismissal of the sole remaining claim.

Defendant also requests attorney's fees for defending the Motion to Compel. ECF No. 41 at 8. If a Motion to Compel is denied, the court "must, after giving an opportunity to be heard, require the movant...to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* The Court does not believe that a pro se Plaintiff's failure to comply with the above-referenced procedural rules, without additional evidence regarding bad faith or the lack of justification regarding the motion, rises to the level of sanctionable conduct. Therefore, Defendant's request for attorney's fees is denied.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 42, is granted. Plaintiff's Motion to Reconsider, contained within Plaintiff's Reply to Defendant's Motion for Summary Judgment, ECF No. 44, is granted though Plaintiff's underlying claim is again denied. Finally, Plaintiff's Motion to Compel Discovery, ECF No. 40, is denied. A separate Order follows.

Dated: September 16 2016

GEORGE J. HAZEL
United States District Judge

11